UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL A. THOMAS,<br><br>      Plaintiff,<br><br>-against-<br><br>JAQUEZ GONZALEZ, NYPD SHIELD NUMBER 27234; ST. FLEUR, NYPD SHIELD NUMBER 18312; LT MANNING; SUPERINTENDENT IMRAM, LEFRAK CITY SUPERINTENDENT,<br><br>      Defendants. | 25-CV-7669 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, asserting claims arising out of events occurring in Queens County, New York, where she currently resides. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues New York City Police Department officers from the precinct located at 94-41 43rd Avenue in Elmhurst, Queens; and "Imram," the "Superintendent" of Lefrak City, which is also located in Queens. According to Plaintiff, Defendants were involved with her being forcibly and unlawfully removed from her Queens apartment, located at 9705 Horace Harding Expressway. (ECF 1.) Plaintiff asserts that she was removed from the apartment without "valid notice," and based on an "old court case number." (*Id.* at 5.) She filed motions for the return of her property, and for preliminary injunctive relief, seeking to enjoin Defendants from removing, withholding, or destroying her property within the apartment. (ECF 3-5.) Because Plaintiff alleges that the events giving rise to her claims took place in Queens County, outside this district, venue is not proper in this district under Section 1391(b)(2), based on where the events occurred.[1] It is unclear whether venue is proper in this district under Section 1391(b)(1), based on where all of the defendants reside.

Queens County is in the Eastern District of New York. 28 U.S.C. § 112(c). Venue of Plaintiff's claims thus is proper in the Eastern District of New York, under Section 1391(b)(2), based on where the events giving rise to the claims occurred.

Even if venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might also have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider:

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The State of New Jersey constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110.

2

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

*Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, and it is reasonable to expect that witnesses and relevant documents also would be in Queens County. The Eastern District of New York appears to be a more convenient forum for this action. Plaintiff does not resides in this district. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Court waives Local Rule Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case. Whether Plaintiff is entitled to preliminary injunctive relief is a determination to be made by the transferee court.[2] A

---

[2] Also pending are motions that Plaintiff filed for permission to proceed without

3

summons shall not issue from this court. This order closes the case in the Southern District of New York.

      The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 18, 2025
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

prepayment of fees ("*in forma pauperis*") and for the "Return of Property" (ECF 2, 3.)