UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL A. THOMAS, *Plaintiff,* – against – JAQUEZ GONZALEZ; ST. FLEUR; LT. MANNING; & IMRAM, *LeFrak City Superintendent*, *Defendants.* | **MEMORANDUM & ORDER** 25-cv-05244 (NCM) (SDE) |

**NATASHA C. MERLE**, United States District Judge:

On September 16, 2025, plaintiff Cheryl A. Thomas, appearing *pro se*, filed this action in the United States District Court for the Southern District of New York, along with a request to proceed *in forma pauperis* ("IFP"). *See* Complaint ("Compl."), ECF No. 1; Motion to Proceed IFP, ECF No. 2. Plaintiff also filed a motion for the return of property and a proposed order to show cause for a preliminary injunction and temporary restraining order. *See* Motion for Return of Property ("Prop. Mot."), ECF No. 3; Proposed Order to Show Cause for Preliminary Injunction and Temporary Restraining Order ("PI Mot."), ECF No. 5. On September 18, 2025, the action was transferred to this Court. *See* Transfer Order, ECF No. 7. The Court grants plaintiff's IFP application. As set forth below, the complaint is dismissed as to defendant Imram. Plaintiff's motions for return of her property and for a preliminary injunction and temporary restraining order are denied.

## BACKGROUND

Plaintiff alleges that on September 15, 2025, she was "illegally removed from [her] home" at LeFrak City by defendants who "entered and changed the locks without

giving . . . valid notice." Compl. 5.[1] Plaintiff admits that she received "papers" but did not respond because these papers contained "an old court case number . . . and . . . no real court date." Compl. 5.

Plaintiff further alleges that she was placed in handcuffs and forcibly removed by certain New York City Police Department ("NYPD") officers and that "LeFrak workers entered and removed all of [her] belongings," including a cat, "without any Marshal present." Compl. 5–6. In her complaint, plaintiff seeks to return to her apartment and she seeks the return of her property. Compl. 6. Plaintiff seeks the same relief in her motion and proposed order to show cause. *See* Prop. Mot.; PI Mot.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see*

---

[1]    The Court refers to the pages of the submission and exhibits by the pages assigned by the Electronic Case Filing system ("ECF").

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

*also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff's complaint alleges the violation of her constitutional rights under the Fourth and Fourteenth Amendments. *See* Compl. 3. The Court therefore construes the action as filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived [her] of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New Yor*k, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## I.      Individual Defendant Imram

Defendant Imram is not alleged to be a state actor and therefore may not be sued under Section 1983 for the alleged violation of plaintiff's constitutional rights. The Constitution regulates only the conduct of government actors and not that of private parties. "[P]rivate conduct, no matter how discriminatory or wrongful," is generally beyond the reach of § 1983. *Sullivan*, 526 U.S. at 50; *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, Imram appears to be a private individual. Plaintiff has not plausibly alleged that he acted under color of state law or conspired with another state actor who did so. Plaintiff's complaint includes an allegation that during her eviction, she complained to someone present, who "repeatedly said 'call the police.'" *See* Compl. 6. It is unclear from plaintiff's complaint whether NYPD officers were present at her eviction because they were called by Imram, plaintiff, or for some other reason. However, even if the police were present in response to a call from defendant Imram, making complaints to law enforcement does not transform a private citizen into a state actor for purposes of Section 1983. *Sherman v. City of New York*, No. 18-cv-05359, 2019 WL 2164081, at *6 (E.D.N.Y. May 16, 2019); ("It is well-established that the mere act of making a complaint to [law enforcement] does not make someone a state actor under § 1983."); *see also Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("[T]he mere fact that a private actor received police assistance is not sufficient to transform that private actor's conduct into state action for § 1983 purposes.").

Accordingly, plaintiff's claims against defendant Imram are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See e.g.*, *Grant v. Adult Protective Serv.*, No. 22-cv-00775, 2022 WL 504409, at *6 (E.D.N.Y. Feb. 18, 2022) (finding that plaintiff's claims failed because defendants were private individuals and plaintiff failed to plead plausible factual allegations to support claims for state action or conspiracy with state actors).

## II.    Landlord-Tenant Matters

Plaintiff's claims concerning her eviction appear to arise out of a state housing matter, over which district courts do not have federal question jurisdiction. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction.") (summary order); *Schmidt v. Am. Package Co., Inc.*, No. 23-cv-05821, 2023 WL 5952024, at *1 (E.D.N.Y. Aug. 3, 2023); *Nichols v. Epstein*, No. 22-cv-03187, 2023 WL 2305936, at *2 (E.D.N.Y. Mar. 1, 2023); *Bey v. Jones*, No. 19-cv-02577, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("[T]he Court lacks federal question jurisdiction over [plaintiffs'] state law claims in this landlord-tenant matter."); *McMillan v. Dep't of Bldgs.*, No. 12-cv-00318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) ("Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them."); *Galland v. Margules*, No. 05-cv-05639, 2005 WL 1981568, at *2 (S.D.N.Y. Aug. 17, 2005) ("[T]his Court does not have federal question subject matter jurisdiction over plaintiff's housing law claims, even when such claims are dressed in the garb of constitutional claims.").[3]

---

[3]    Plaintiff's complaint also does not plead facts to establish diversity jurisdiction under 28 U.S.C. § 1332. There is no indication that plaintiff is a citizen of a different state

Thus, to the extent that plaintiff brings a claim for wrongful eviction, this claim is dismissed without prejudice. Should plaintiff wish to pursue this state law claim, she may do so in the proper state court forum.

### III.    Claims Against Police Officers

While plaintiff's claims against defendant Imram fail, plaintiff's complaint also makes allegations regarding police officers who were present at her eviction. Plaintiff's complaint alleges that she was "placed [] in handcuffs and forcibly removed" from her home "even though [she] had committed no crime." Compl. 5. She claims that this action "amounted to kidnapping" and was an "unlawful restraint." Compl. 5. Based on these allegations, the Court construes plaintiff's complaint to be asserting a claim of false arrest against the NYPD Officers in violation of plaintiff's Fourth and Fourteenth Amendment rights pursuant to Section 1983.

When analyzing a claim for "the constitutional tort of false arrest, [courts] generally look[] to the law of the state in which the arrest occurred." *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). Under New York law, to establish a claim of false arrest, the plaintiff must show that: "(1) the defendant intended to confine [her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Wright v. Musanti*, 887 F.3d 577, 587 (2d Cir. 2018) (citing *Broughton v. State*, 37 N.Y.2d 451, 456 (N.Y. 1975)). Confinement is "otherwise privileged" when probable cause exists. *Dorsey v.*

---

than defendants. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (finding that a case falls within the federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state).

*Gannon*, No. 22-2735, 2024 WL 1338772, at *1 (2d Cir. Mar. 29, 2024). Probable cause exists "when arresting officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Williams v. Toto*, No. 20-cv-04593, 2021 WL 2351176, at *10 (E.D.N.Y. June 9, 2021). Plaintiffs are not required to "set forth a lack of probable cause in their complaint," and when there has been an arrest without a warrant, "the presumption arises that the plaintiff's arrest" was unlawful. *Case v. City of New York*, 233 F. Supp. 3d 372, 384–85 (S.D.N.Y. 2017). Here, plaintiff's complaint alleges that she was handcuffed even though she "refused to consent," and it appears from plaintiff's submissions that there was no warrant for her arrest. *See* Compl. 5; *see also* Plaintiff's Declaration 1–2, ECF No. 4 (alleging that she was "not shown a valid warrant").

Liberally construing plaintiff's complaint and considering the solicitude *pro se* plaintiffs are afforded, the Court finds that plaintiff's false arrest claim against Officer Jaquez Gonzalez, Shield Number 27234, Officer St. Fleur, Shield Number 18312, and Lt. Manning may proceed. The Court does not express opinion as to whether plaintiff's claims against these officers will ultimately be successful.

### IV.    Proposed Order to Show Cause

Plaintiff also submitted a proposed order to show cause for a temporary restraining order and preliminary injunction enjoining defendants from "removing, withholding, or destroying [her] personal property, pet, and legal papers, and from denying [her] access to [her] apartment." *See* PI Mot. 1–2. She also filed a motion for the return of her property and for access to her residence. *See* Prop. Mot. 1. The Court declines to grant plaintiff's

proposed order to show cause for emergency relief and denies her motion for return of her property and access to her residence.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). To secure a temporary restraining order or a preliminary injunction, a plaintiffs must establish the following elements: "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [her] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in [her] favor . . . ; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022).

Here, plaintiff has failed to show that she is likely to succeed on the merits of her claims arising from her allegedly unlawful eviction. As determined above, this Court lacks jurisdiction to review plaintiff's claim for wrongful eviction. *See McMillan*, 2012 WL 1450407, at *2 ("Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them."). Thus, "[i]n the absence of a complaint setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant a temporary restraining order." *Houle v. Wells Fargo, NA*, No. 23-cv-06634, 2023 WL 7388252, at *3 (W.D.N.Y. Nov. 8, 2023).

Moreover, to the extent that plaintiff requests this Court review or vacate an eviction pursuant to a state court order, this court lacks jurisdiction to order such relief. *See Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426–27 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)); *see also Brooks v. Aiden 0821 Cap. LLC*, No. 19-cv-06823, 2020 WL 4614323, at *3

(E.D.N.Y. July 22, 2020) ("[T]o the extent Plaintiff challenges . . . an eviction pursuant to a state court order, this Court is barred from granting such relief.").

Because the claims regarding plaintiff's eviction and property are not properly before the Court for the reasons set forth above, plaintiff has failed to show a likelihood of success on the merits or sufficiently serious questions going to the merits of her claims. Additionally, this Court lacks jurisdiction to order the relief plaintiff seeks. Therefore, plaintiff's request for emergency injunctive relief is denied.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Because plaintiff has failed to state a claim against defendant Imram, Imram is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for return of property held by LeFrak City and proposed order to show cause are denied for the reasons stated above. Any state law claims are dismissed without prejudice to renewal in the proper forum.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court shall allow the complaint to proceed as to Officer Jaquez Gonzalez, Shield Number 27234, Officer St. Fleur, Shield Number 18312, and Lt. Manning at this juncture. The Clerk of Court is directed to issue a summons and the United States Marshal Service is directed to serve the summons and complaint upon these defendants without the prepayment of fees.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope

legal    assistance    at    the    Brooklyn    Federal    Courthouse    or    online    at

https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

    The Court refers this matter to Magistrate Judge Eichenholtz for pretrial supervision.

    The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

    **SO ORDERED.**

                                */s/ Natasha C. Merle*
                                NATASHA C. MERLE
                                United States District Judge

Dated:       Brooklyn, New York
              October 3, 2025