UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHERYL A. THOMAS,

                   Plaintiff,

            -against-

 GONZALEZ, ST. FLEUR, LT. MANNING,
IMRAM (LEFRAK CITY,
SUPERINTENDENDENT),

                   Defendants.
----------------------------------------------------------------X

                          ***SUA SPONTE* REPORT AND
                             RECOMMENDATION**
                         25-CV-5244 (NCM) (SDE)

**SETH D. EICHENHOLTZ**, United States Magistrate Judge:

Presently before the Court is Plaintiff Cheryl A. Thomas's failure to participate in this matter, including a failure to update her address, to respond to Court orders and deadlines, and to attend an Initial Conference. Plaintiff has disregarded multiple Court orders which plainly warn her of the consequences of failing to do participate in this action. Therefore, for the reasons outlined below, and after giving Plaintiff multiple opportunities to resume her participation, the undersigned respectfully recommends dismissing this matter for failure to prosecute.

## I. Procedural History

*Pro se* Plaintiff Cheryl A. Thomas ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants City of New York, Officer Jaquez Gonzalez, Officer St. Fleur, and Officer Manning ("Defendants") on September 18, 2025. The action was originally filed in the Southern District of New York, and transferred to this District on September 18, 2026. *See* Dkt. No. 7. Plaintiff's motion to proceed *in forma pauperis* was granted on October 4, 2026. *See* Dkt. No. 11. Defendants were served on November 5, 2025, *see* Dkt. No. 24, and filed their answer on January 23, 2026 after the Court granted an extension. *See* Dkt. Nos. 17, 19.

On February 2, 2026, the Court scheduled an Initial Conference in this matter for March

1

12, 2026 and directed the parties to submit a Proposed Discovery Plan and Scheduling Order by March 5, 2026. *See* Scheduling Order, Dkt. No. 20. In its order scheduling the Initial Conference, the Court emphasized the importance of prosecuting this action, including updating the Court with an accurate address at which Plaintiff can be reached. *Id.* p. 4.

On March 5, 2026, Defendants informed the Court that Plaintiff refused to confer with them regarding the proposed discovery plan. *See* Proposed Scheduling Order, Dkt. No. 21. According to Defendants' counsel, Plaintiff also said that she no longer resided in New York at the address known to the Court and she did not intend to appear at the Initial Conference. *See id.* On March 6, 2026, the Court ordered Plaintiff to respond to Defendants' letter by March 10, 2026. *See* Scheduling Order, Dkt. No. 22. Given the representation that Plaintiff no longer lived in New York, the Court *sua sponte* converted the in-person Initial Conference to a telephone conference, intending to make it more feasible for Plaintiff to attend the conference from out of state. *See id.* The Court also reminded Plaintiff of her obligation to update her address with the Court. *See id.* The Court plainly warned Plaintiff that she must comply with all discovery obligations, including attending the Initial Conference, and that if she fails to respond to the order or does not appear at the conference, "her case may be dismissed." *See id.* On March 6, 2026, Defendants filed a declaration of service on the docket indicating that they had sent the Court's order to two email addresses associated with Plaintiff. *See* Declaration of Service*,* Dkt. No. 23. Further, Defendants' counsel communicated the contents of the order to Plaintiff via telephone. *See id.* The Court also mailed a copy of the order to Plaintiff at her last known address.

Plaintiff did not respond to any aspect of the Court's March 6, 2026 Order. Plaintiff failed to meet the March 10, 2026 deadline to explain why she informed Defendants she did not plan to attend the Initial Conference and did not confer with Defendants regarding the proposed discovery

plan. Plaintiff did not appear at the March 12, 2026 Initial Conference, even though it was converted to a telephone conference. *See* Minute Entry Dated 3/13/2026, Dkt. No. 24. Plaintiff never updated her address with the Court.

After Plaintiff failed to appear at the March 12, 2026 Initial Conference, the Court ordered Plaintiff to show cause by March 26, 2026 why she should not be sanctioned for her failure to appear. *See id.* Plaintiff was further warned that failure to respond to the Order to Show Cause or a continued failure to respond to the Court's orders may result in a recommendation that her claims be dismissed. *See id.* The Court mailed Plaintiff a copy of the Minute Entry to her last known address, and Defendants again filed proof of service via email and telephone. *See* Declaration of Service, Dkt. No. 25.

Plaintiff failed to meet the March 26, 2026 deadline to file a response to the Order to Show Cause. In order to provide Plaintiff with another opportunity to respond considering her *pro se* status, the Court *sua sponte* extended the deadline for her response to April 15, 2026. *See* Dkt. No. 26. In the order extending the deadline, the Court again warned Plaintiff that failure to respond to court orders may result in a recommendation that her claims be dismissed. *See id.* Defendants again served a copy of the Order on Plaintiff via email and counsel relayed the order via telephone. *See* Declaration of Service, Dkt. No. 27. Plaintiff failed to respond to the Order to Show Cause by the extended April 15, 2026 deadline. In sum, Plaintiff has refused to participate in this matter and communicate with the Court in any way in over several months, despite three Court orders plainly warning that doing so could result in dismissal of her claims.

## II. Legal Standard

A District Court may *sua sponte* dismiss a Plaintiff's action for failure to prosecute under the Federal Rules of Civil Procedure where a plaintiff "fails to prosecute or to comply with these

3

rules or a court order." Fed. R. Civ. P. 41(b); *see also Zeigler v. Annucci*, 23-CV-707, 2025 WL 1056904, at *1 (S.D.N.Y. Apr. 8, 2025). District Courts in this Circuit consider the following factors when deciding whether to dismiss a case for failure to prosecute under Rule 41(b):

> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

"While the Second Circuit has cautioned that *pro se* plaintiffs should be granted special leniency regarding procedural matters, courts in this district have recognized that even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Zeigler*, 2025 WL 1056904, at *2 (internal citations and quotation marks omitted). In other words, a "[p]laintiff's *pro se* status does not excuse [her] noncompliance with Court orders." *Rouse v. Transworld Sys., Inc.*, 811 F. Supp. 3d 400, 405 (E.D.N.Y. 2025); *see also Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.").

### III.   Discussion

The undersigned finds that the *Baptiste* factors weigh in favor of dismissal.

1. <u>Duration of Noncompliance</u>

Looking at the facts in the light most favorable to Plaintiff, the duration of Plaintiff's

noncompliance began on March 6, 2026, when she refused to confer with Defendants regarding the proposed discovery plan and informed Defendants that she did not plan to attend the Initial Conference. *See* Proposed Scheduling Order, Dkt. No. 21. Since then, she has not responded to any of the Court's orders. Under these circumstances, a plaintiff's failure to prosecute an action for only a few weeks or months can merit dismissal under Fed. R. Civ. P. 41(b), particularly where a plaintiff has been warned of the consequences of noncompliance. *See Rouse*, 811 F. Supp. 3d at 405 (collecting cases); *Febrianti v. NYC Health & Hosps.*, 23-CV-06175, 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025) (collecting cases), *report and recommendation adopted,* 23-CV-06175, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025), *appeal dismissed* (Feb. 24, 2026).

Thus, the first factor weighs in favor of dismissal.

### 2.   Notice That Her Claims May Be Dismissed

Plaintiff was given three warnings describing the potential consequences of her failure to comply with Court orders, including a recommendation that her case be dismissed for failure to prosecute, in plain language that "her case may be dismissed." *See* Scheduling Order, Dkt. No. 22; Minute Entry Dated 3/13/2026, Dkt. No. 24; Dkt. No. 26. These orders are sufficient to provide Plaintiff with explicit notice that her case may be dismissed. *See Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 113 (S.D.N.Y. 2022) ("Three warnings are more than sufficient to find this factor counsels in favor of dismissal."); *see also e.g.*, *Rouse*, 811 F. Supp. 3d at 405 (finding Plaintiff's disregard of three warnings from the Court regarding the consequences of failure to comply with court orders warranted dismissal); *Velt Corp. v. United States*, 19-CV-5463, 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) (same), *report and recommendation adopted*, 19-CV-5463, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020)

Thus, the second factor weighs in favor of dismissal.

3.   Prejudice to Defendants

Prejudice to Defendants may be presumed where Plaintiff's delay is "lengthy and inexcusable."   *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (internal quotations omitted).  Here, the case has been delayed for two months, and "there is no evidence in the record that the delay in this case has caused any particular, or specially burdensome, prejudice to Defendants beyond the delay itself."   *Febrianti*, 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Nevertheless, "Defendant[s] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." *Lopez v. Cath. Charities of Archdiocese of N.Y.*, 00-CV-01247, 2001 WL 50896, at *5 (S.D.N.Y. Jan. 22, 2001).

 Thus, while the third factor does not weigh heavily in favor of dismissal, Defendants' diligence in the face of Plaintiff's seeming disinterest in prosecuting this case does support dismissing this matter.

4.   Balancing the Court's Interest with Plaintiff's Right to Be Heard

The Court "has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn [her] attention" to this case." *Rouse*, 811 F. Supp. 3d at 409 (quoting *Pena*, 587 F. Supp. 3d at 114).  Further, the Court simply cannot move forward in this case if Plaintiff willfully refuses to comply with any discovery obligations, court orders, or court conferences. However, to balance Plaintiff's opportunity to be heard and in recognition of Plaintiff's *pro se* status, the Court recommends that the dismissal of this matter be granted *without* prejudice.  *See, e.g.*, *Rouse*, 811 F. Supp. 3d at 409 (recommending dismissal without prejudice in light of Plaintiff's *pro se* status); *Febrianti*, 2025 WL 2411982, at *4 (same).

Thus, with the recommendation that the Court dismiss this matter without prejudice, the

fourth factor weighs in favor of a dismissal.

     5.   <u>Efficacy of Lesser Sanctions</u>

The Court believes no lesser sanction will be effective, as Plaintiff has communicated to Defendants "a clear lack of interest in pursuing her case." *Rouse*, 811 F. Supp. 3d at 409. Moreover, Plaintiff "did not even appear to explain why the case should not be dismissed when [s]he was ordered to do so." *Pena*, 587 F.Supp.3d at 115; *see also Ruzsa v. Rubenstein & Sendy Attorneys At Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is ... unclear that a lesser sanction would have proved effective in this case."); *Febrianti*, 2025 WL 2411982, at *4 ([T]he fifth factor weighs in favor of dismissal, rather than lesser sanctions, because the case cannot proceed without Plaintiff's participation."). The Court has attempted several times to emphasize the importance of responding to its orders, including the use of all capital letters to provide additional emphasis. Despite these orders, Plaintiff still refuses to even respond to an order directing her to explain her failure to participate in this matter. It is difficult to see what, if any, impact lesser sanctions would have in the face of Plaintiff's continuing refusal to engage in the litigation process.

Thus, the fifth factor weighs in favor of dismissal.

**IV.    Conclusion**

Based on the five factors explained above, the undersigned respectfully recommends that the Court dismiss this matter without prejudice because of Plaintiff's failure to prosecute the matter. Counsel for Defendants are respectfully requested to serve this order on Plaintiff at all available addresses, including e-mail addresses, and file a declaration of service on the docket.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed.

R. Civ. P. 6(a) & (d) (addressing computation of days).  If any party fails to file timely objections to this Report and Recommendation, it will waive any right to further judicial review of the decision.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Kotlyarsky v. United States Dep't of Just.*, 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *Small v. Sec'y of HHS*, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated:  Brooklyn, New York
      April 28, 2026

*/S/ SETH D. EICHENHOLTZ*
SETH D. EICHENHOLTZ
United States Magistrate Judge
Eastern District of New York